(17 App. Div. 226.)

### VAN BROCKLIN v. VAN BROCKLIN et al.

(Supreme Court, Appellate Division, Third Department. May 18, 1897.)

1. REVIVAL OF ACTIONS—DEATH OF PLAINTIFF—FORECLOSURE OF MORTGAGE.
    An action to foreclose a mortgage may, on the death of the sole plaintiff, be revived in the name of his executor, under Code Civ. Proc. § 757, providing that on the death of a sole plaintiff the action may be revived, if the cause of action survives.

2. SAME—DELAY IN MOVING.
    Delay by an executor in moving to be substituted as sole plaintiff in an action brought by testator is not a ground for denying the motion, where defendant was not prejudiced thereby.

3. SAME—RIGHT TO SUBSTITUTION—PAYMENT OF COSTS.
    A motion to continue an action in the name of plaintiff's personal representative is not a proceeding in the action, within Code Civ. Proc. § 779, providing that, where costs directed by an order to be paid within a specified time are not so paid, all proceedings by the party in default shall be stayed until payment.

Appeal from special term.

Action by Mathias Van Brocklin against Eli Van Brocklin and others to foreclose a mortgage. From an order continuing the action, plaintiff appeals. Reversed.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

Nisbet & Hanson, for appellant.

Carroll & Fraser (Fred. Linus Carroll, of counsel), for respondents.

PER CURIAM. At the time of the decease of the sole plaintiff, the action was pending. It was brought to foreclose a bond and mortgage. We are of the opinion that under the provisions of section 757 of the Code of Civil Procedure the executor of the deceased was entitled to the order of continuance he applied for. The delay in making the application should not have prevented the granting of his motion, especially in the absence of any proof on the part of the defendant that his defense had been prejudiced thereby. Green v. Martine, 21 Hun, 136, 84 N. Y. 648; Holsman v. St. John, 90 N. Y. 461. The fact that the deceased party had omitted to pay the costs awarded against him on his application to reopen the case was not, under the provisions of section 779 of the Code of Civil Procedure, a ground for denying the application to continue the action. Clute v. Emmerich (Sup.) 2 N. Y. Supp. 874. The executor's motion was not, we think, a proceeding in the action, within the meaning of section 779, supra. It was a motion to substitute a living for a deceased party, in order that proceedings in the action might be taken. If, after the substitution of the executor as a party plaintiff, he proposes to proceed, the defendant may properly raise the objection that he should be stayed until the motion costs, if any are due,—as to which we do not decide,—are paid.

We conclude that the order should be reversed, and motion granted, without prejudice to defendant's right to take such action as he may be advised to, with $10 costs and disbursements of the appeal.